UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD POST,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C24-5112-SKV

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

INTRODUCTION

      This matter comes before the Court on Plaintiff's motion to alter or amend the Court's judgment under Federal Rule of Civil Procedures 59(e). Dkt. 15. After considering the parties' briefing, *see* Dkts. 15, 17-18, and the balance of the record, the Court DENIES the motion.

DISCUSSION

      A court may reconsider and amend a judgment pursuant to Rule 59(e). However, this rule "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (cleaned up). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (cleaned up). "Clear

error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court has "'considerable discretion'" in deciding a motion under Rule 59(e). *Kaufmann*, 33 F. 4th at 850 (quoted source omitted).

Plaintiff here argues that the Court made a factual error about the impact of a particular medication on pulmonary function tests, as well as legal errors about the significance of prior test results and the ALJ's equivalency determination at step three. The Court, for the reasons set forth below, finds no basis for altering or amending the judgment.

A.    Impact of Medication

Plaintiff first argues that, in considering arguments he raised in relation to Listing 3.02 at step three, the Court made a factual error in stating that "Nucala is a long-acting bronchodilator." Dkt. 13 at 5. Plaintiff clarifies that Nucala is an injectable monoclonal antibody, a medication that works gradually by reducing levels of eosinophils (a type of white blood cell), not a bronchodilator, the type of fact-acting medication used to evaluate a respiratory disorder under Listing 3.02. *See id.*

As the Court observed in its Order, *see* Dkt. 13 at 5, an $FEV_1$ level of 1.60L or less, post-bronchodilator, would determine whether Plaintiff's condition satisfied Listing 3.02(A). *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 3.00 (E)(2)(b) (with an $FEV_1$ level of less than 70 percent of a claimant's predicted normal level, a "repeat spirometry after inhalation of a bronchodilator" is required, unless medically contradicted), and § 3.02(A).[1] Plaintiff does not identify evidence of

---

[1] *See also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 3.00 (E)(2)(b) (also stating: "If you used a bronchodilator before the test and your $FEV_1$ is less than 70 percent of your predicted normal value, we still require repeat spirometry after inhalation of a bronchodilator unless the supervising physician

a qualifying $FEV_1$ level following use of a bronchodilator. Plaintiff instead argues that, because Nucala is not a fast-acting inhalable bronchodilator, the question of whether Nucala would have improved the $FEV_1$ level of 1.33 in a July 2022 test was not a proper basis for finding he did not meet Listing 3.02(A). Plaintiff also argues that, if the ALJ was unclear about whether he had used a bronchodilator prior to that test result, the ALJ should have fulfilled his duty to develop the record by requesting the full test results or contacting the doctor to explain how the test was performed.

The Court acknowledges Plaintiff's clarification regarding Nucala. However, the ALJ did not discount the July 2022 $FEV_1$ level of 1.33 due to the absence of evidence of post-bronchodilator spirometry. Nor is there any indication the ALJ found the record on the issue of whether Plaintiff satisfied Listing 3.02 unclear. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (the ALJ's duty to further develop the record is triggered only where the record is ambiguous or inadequate to allow for evaluation). The ALJ explained that he assessed Plaintiff's condition "with the effects of medication and treatment", and pointed to (1) the observation of the testing physician, Dr. Richard Redman, that Plaintiff was unmedicated at the time of the July 2022 test and had markedly improved when he was taking Nucala, and (2) the non-qualifying $FEV_1$ level of 1.82 in December 2018. AR 25-26 (citing AR 673, 1297, 1444, 1452). Plaintiff's clarification regarding Nucala does not, as such, provide a basis for altering or amending the judgment.

/ / /

/ / /

---

determines that it is not safe for you to take a bronchodilator again (in which case we may need to reschedule the test). If you do not have post-bronchodilator spirometry, the test report must explain why. We can use the results of spirometry administered without bronchodilators when the use of bronchodilators is medically contraindicated.")

ORDER DENYING MOTION TO ALTER OR
AMEND JUDGMENT - 3

B.  Prior Test Results

Plaintiff next argues that legal error is established in the Court's finding that the ALJ did not commit harmful error because he "did not dismiss the July 2022 test results solely based on medication status but also cited contradictory results from earlier tests in December 2018, March 2019, and March 2020." Dkt. 13 at 5 (citing AR 552, 659, 669, 674). Plaintiff notes that he filed his disability benefit applications on June 24, 2020, alleging disability commencing October 30, 2019, and asserts that the December 2018 and March 2019 test results are not relevant to his claims, and that the March 2020 result was not relevant to the July 2022 result. Yet, in so doing, Plaintiff repeats a factual error on the part of the Court. The ALJ, in fact, clarified that the December 2018 test result was "repeated in chart notes on other dates," and that the notes in March 2019 and March 2020 did not appear to reflect a "recurrent finding on new testing[.]" AR 26 (*comparing* AR 673 (December 2018), *with* AR 552 & 659 (March 2020) and AR 669 (March 2019)). Accordingly, and contrary to the statement in the Court's Order, the only contradictory test result relied upon by the ALJ was dated in December 2018.

The Court further finds no clear error. Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). In challenging the ALJ's decision, Plaintiff did not demonstrate that the step three finding was not rational or supported by substantial evidence. Nor does Plaintiff make such a showing now. As stated above, in concluding that Plaintiff's condition did not meet or equal Listing 3.02, the ALJ assessed Plaintiff's condition with the effects of medication and treatment. The evidence includes, for example, the December 2018 test result, obtained after Plaintiff began receiving Nucala injections and at a time when he had reduced his tobacco use, and that showed his $FEV_1$ level improved with post-bronchodilator spirometry, AR 671-74 ("$FEV_1$ is actually improved slightly from 1.38 up to 1.82 L or 48%

ORDER DENYING MOTION TO ALTER OR
AMEND JUDGMENT - 4

predicted.  There is a 22% improvement with albuterol."); a March 2020 appointment, wherein Dr. Redman observed that he had not seen Plaintiff "for about 1 year[,]" that Plaintiff had "become more compliant" with receiving Nucala injections, "certainly improved while on Nucala[,]" "had no exacerbations for the past several months[,]" and had reduced his tobacco use, AR 548-52; and the July 2022 appointment, wherein Dr. Redman stated he had not seen Plaintiff "for about 2 years[,]" that Plaintiff had, in the interim, stopped Nucala, reported "his symptoms increased off of Nucala[,]" and that he had quit smoking for a few months but was "now smoking about 5 cigarettes/day[,]" and Dr. Redman concluded:  "He did markedly improve[] on Nucala. . . . Unfortunately, he is unable to travel for injections.  Therefore he will need a home autoinjector.  Exacerbation frequency improved on Nucala.  Compliance is an issue."  AR 1293-97.  In other words, while Plaintiff shows a factual error in the Court's description of the number of contradictory test results relied on by the ALJ, a review of the entire record confirms that the Court did not err in reaching its conclusion.

C.    Equivalency Determination

Plaintiff, finally, asserts legal error in relation to medical equivalence.  The ALJ found Plaintiff did not meet or equal Listing 3.02 for the reasons described above.  AR 25-26.  The ALJ also found Plaintiff did not meet or equal Listing 3.03 because, while he had presented to emergency departments on some four occasions since the alleged onset date, he had not had exacerbations or complications from asthma requiring three hospitalizations within a twelve-month period.  AR 26 (citations omitted); 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 3.03.

In assigning error to the ALJ's decision, Plaintiff asserted that his mental impairments, particularly his anxiety, contributed to his difficulty breathing such that the combination equaled Listing 3.02, as evidenced by his multiple emergency room visits, and that the ALJ failed to

adequately explain his finding of no equivalence to that listing. *See* Dkt. 9 at 7; Dkt. 12 at 3-4. The Court disagreed, noting Plaintiff's failure to challenge the ALJ's findings in relation to Listing 3.03 or to show any error in the ALJ's reasoning. *See* Dkt. 13 at 4-5.

Now, in asserting legal error, Plaintiff again asserts that the evidence of his anxiety attacks show his medical equivalence to Listing 3.02, and further asserts that the ALJ failed to properly evaluate or articulate any reasons for his equivalency findings in relation to either Listing 3.02 or Listing 3.03. "Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). *Accord Banister v. Davis,* 590 U.S. 504, 508, 516 (2020) (in deciding a Rule 59(e) motion, courts will not entertain or address new arguments or evidence that could have been but were not raised before a decision was issued). Accordingly, Plaintiff does not set forth a basis for altering or amending the judgment by merely renewing his continued disagreement with the ALJ's conclusion as to equivalence with Listing 3.02, or in raising a new challenge regarding Listing 3.03.

Plaintiff does not, moreover, identify error in his depiction of the ALJ's reasoning as conclusory and inadequate. In addition to the above-described explanations, the ALJ provided a detailed discussion of the evidence of record throughout the decision. For example, with respect to Plaintiff's severe respiratory impairment, the ALJ discussed inconsistencies between the alleged degree of impairment and the objective test results (including chest x-rays, a CT-angiogram, and pulmonary function tests), examination notes, Plaintiff's reporting as to the frequency and severity of his impairment, and his continued smoking, and discussed the evidence showing his improvement with medication, his failure to engage in or comply with treatment, and his relatively conservative and reportedly effective treatment. AR 28-30 (citations

omitted). The ALJ also again discussed the evidence of Plaintiff's presentation to the emergency department, noting he required intubation on only one occasion and had not presented to the emergency department for his severe respiratory impairment in over a year. AR 30 (citations omitted). The ALJ additionally found that the evidence showed Plaintiff's mental impairments improved when he complied with his prescribed medical regimen, noted his reports of improvement with medication, the effectiveness of his medication, and that he was "'doing well' or 'pretty well'", as well as the fact that mental status examinations did not generally reveal any significant abnormal findings. AR 26, 31 (citations omitted). Plaintiff does not, as such, demonstrate error at step three. *See, e.g., Havens v. Kijakazi*, No. 21-35022, 2022 WL 2115109, at *1 (9th Cir. June 13, 2022) ("The ALJ did not reversibly err at Step Three by deciding that Havens did not meet or equal any impairment listings because the ALJ offered more than conclusory findings and engaged with the record evidence throughout the decision.") (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990); *Lewis v. Apfel*, 236 F.3d 503, 513-14 (9th Cir. 2001)).

## CONCLUSION

The Court, in sum, finds no basis for altering or amending the judgment. Plaintiff's Rule 59(e) Motion, Dkt. 15, is therefore DENIED.

Dated this 30th day of January, 2025.

_____
S. KATE VAUGHAN
United States Magistrate Judge